# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

JAMES W. NORTHINGTON,

    Plaintiff,

vs.                                  No. _____
                                      JURY DEMANDED

NEW ERA, INC.,

    Defendants.

## COMPLAINT FOR RACE HARASSMENT, HOSTILE WORK ENVIRONMENT, RETALIATION & RACE DISCRIMINATION

## I. COMPLAINT

Comes now the Plaintiff, **JAMES W. NORTHINGTON**, by and through his attorney of record, and would hereby submit the following Complaint for Race Harassment, Hostile Work Environment, Retaliation and Race Discrimination against the Defendant, **NEW ERA, INC.**, (hereinafter referred to as "New Era"). This action seeks monetary relief for the Plaintiff for damages under the provision of Title VII of the Acts of Congress known as the Civil Rights Act of 1964, 78 Stat. 253, as amended, and Title 42 U.S.C. § 2000(e)(2005) *et. seq.* (hereinafter referred to as the Title VII action.)

## II. JURISDICTION

1.    This court has original jurisdiction of the Federal Title VII case in that it is a lawsuit based on a Federal Statute.

2.    The procedural requirements have been met in that the Plaintiff filed a charge with the Equal Employment Opportunity Commission on or about **June 25, 2010**, Charge No. 494-2010-01827, a copy of which is hereinafter marked and attached as Exhibit 1.

1

3. More than one hundred eighty (180) days have elapsed since the filing of the Charge with the Equal Employment Opportunity Commission. The Plaintiff received a Notice of Suit Rights on or about September 7, 2011, a copy of which is hereinafter marked and attached as Exhibit 2, and this Complaint is being filed within ninety (90) days.

4. The Plaintiff is a male African American legal resident of the United States and a resident of Longview, Texas. At all times relevant to this lawsuit, the Plaintiff was an employee of the Defendant and a member of a protected class as defined under Federal Title VII law.

5. The Defendant **NEW ERA, INC.** is a corporation of the State of Tennessee doing business in Clarksville, Montgomery County, Tennessee. The Plaintiff was employed and working at the Defendant's primary location in Clarksville, Tennessee at various times relevant to this lawsuit. This Defendant employs more than fifteen (15) persons and is an employer as defined by 42 U.S.C. § 2000(e)(2005) *et seq*. Service of process may be had through its registered agent for service of process: Bobby Griggs, Jr., 750 Jim Parker Drive, Suite 200, Smyrna, Tennessee 37167.

6. Jurisdiction is based upon Federal Statute 42 U.S.C. § 1981. The Plaintiff seeks $500,000.00 in compensatory damages. Jurisdiction is further based upon Federal Statute 28 U.S.C. § 1332(a) (Diversity Jurisdiction) as the parties are residents of differing states. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) as a substantial part of the events giving rise to this lawsuit arose in this District.

### III. FACTUAL ALLEGATIONS

7. The Plaintiff was working at the Defendant's plant in Clarksville, Tennessee, as a finish line production employee at all times relevant to this litigation.

8. The Plaintiff was supervised by Mr. Jeff Price, who was the manager of the Clarksville plant. Mr. Price was the Plaintiff's direct supervisor from early 2009 through March, 2010, until the date of Plaintiff's constructive discharge.

9. Mr. Price made statements and gestures of a racist nature concerning African Americans regarding the Plaintiff and his co-workers which were unwelcome and offensive. These comments were too numerous to list herein and will be elaborated upon during the discovery process or at trial of this matter.

10. The Plaintiff complained about Mr. Price's behavior as soon as the behavior began and continually complained to Mr. Price, Mr. John Montelli, Mr. Jeff Henn, and Mr. Don Henn, the owners of the company, but his complaints were ignored. To Plaintiff's knowledge, Mr. Price was never disciplined by Defendant, nor was Plaintiff permitted to work for another individual despite the ongoing harassment.

11. Mr. Price and the Defendant knew of the offensive comments that were continually directed at the Plaintiff during his employment with the Defendant. Defendant failed to properly discipline Mr. Price or attempt to prevent the racial harassment from continuing after his notification of the same.

12. Mr. Price called me a "black nigger," and he was going to "whip my black ass." He further stated that he saw "one of my black brothers," and that he was going to "whip his ass." He threatened to "kill me some niggers," saying, "your race jumped on my kind," and "that's what's wrong with niggers." He would say, "I don't know how you let the white people bring you over here, you were a bunch of dumb, stupid niggers to let that happen." He further stated that "President Obama shouldn't be President, because he's just another dumb nigger," saying, "white people are going to kill that nigger, Obama, and he ain't going to be the President long,

3

anyways." If Mr. Price were angry about something, he would direct all of his anger towards Plaintiff in a provoking way regarding Plaintiff's race and would attempt to fight. He further stated that Plaintiff and his co-workers were a "bunch of lazy black niggers." These comments and actions occurred so regularly that all acts and comments cannot be enumerated herein.

13. After I complained of Mr. Price's behavior, he stated that he was going to "cut [plaintiff's] pay." Later, he in fact did cut Plaintiff's pay and demoted him from his position and reduced his pay from $15.00 per hour to $11.25 per hour. After a co-worker's EEOC charge was filed, Mr. Price stated regarding the other charge," I don't know what's wrong with all you lazy niggers. Going back and forth to the EEOC, I don't know what's wrong with you niggers." Regarding the EEOC investigator, Mr. Price stated, "your people are wasting their time. She can't do nothing anyway." He further stated that the investigator, also an African-American, was a "stupid nigger" and was "wasting her time." These comments and actions occurred so regularly that all acts and comments cannot be enumerated herein.

14. Plaintiff was further subjected to humiliation and embarrassment as a result of Mr. Price's conduct, in that he made these statements in front of Plaintiff's co-workers and the plant manager. These comments and actions occurred so regularly that all acts and comments cannot be enumerated herein.

15. The Plaintiff reported the remarks to Human Resources and Mr. John Montelli, Plant Manager. It is unknown what, if any investigation was conducted, but rather than properly disciplining Mr. Price and remedying the problem, Mr. Montelli put his hands in the air, smiled about it, and did nothing. Upon complaining to Mr. Don and Jeff Henn, and they said, "we'll look into it." Nothing was ever done and the behavior continued. In fact, Mr. Price became more volatile and repeated his remarks, saying, "I'm going to whip your ass." The conditions

4

deteriorated each time I complained, resulting in more threats, closer supervision and additional work.  Plaintiff was further told Plaintiff could speak to no one except Plaintiff's co-worker, who is also African-American.  Plaintiff complained of this behavior which occurred over a twenty-three (23) year period, but became worse when Mr. Price became Plaintiff 's supervisor.  Plaintiff complained at least five (5) or six (6) times subsequent to Mr. Price becoming Plaintiff's supervisor.

16. Mr. Price further subjected Mr. Derek Johnson, another African-American employee, to treatment different from white employees, including hyper-strict break time rules.  These rules were different for white and Korean employees, in that they had a minute or two to go from lunch to his or her machine, could talk on cell phones, go for smoke breaks, etc.  Plaintiff and Mr. Johnson were required to be at their station at exactly the second the break was over.  If they were unable to get there at the second the break was over, they were berated and threatened.

17. The Defendant failed to permanently separate the Plaintiff and Mr. Price and failed to enforce race harassment policies.

18. The Plaintiff avers that the Defendants, by and through their employees, including the direct supervisor of the Plaintiff and Mr. Price's supervisor(s), allowed a hostile work environment to exist and the Defendant should be held strictly liable for the conduct of these management-level employees.

19. The Plaintiff avers that the conduct set forth hereinabove constitutes race harassment, in violation of Title VII of the Acts of Congress known as the Civil Rights Act of 1964, 78 Stat. 253, as amended, and Title 42 U.S.C. § 200e *et. seq*.

20. The Plaintiff sues for all damages available under Title VII, including, but

not limited to, compensatory damages, lost income, embarrassment, humiliation, emotional damages, punitive damages, attorneys fees and the costs associated with this cause.

## IV. CAUSES OF ACTION

### 42 U.S.C. § 1981

21.     Plaintiff avers that the conduct set forth hereinabove establishes a violation of 42 U.S.C. § 1981 *et seq.*, in that the Defendant intentionally discriminated against the Plaintiff upon the basis of his race (African American).  Plaintiff was denied the right to work in an environment free from racial discrimination.  Further, Plaintiff suffered disparate treatment at the hands of Defendant, in that African-Americans were treated differently with respect to terms of their employment than non-African American employees.

22.     Defendant created a hostile work environment for Plaintiff based on Plaintiff's race.  Defendant harassed and then retaliated against Plaintiff resulting in Plaintiff's demotion and eventual constructive discharge from employment with Defendant.  Plaintiff was denied the full rights and benefits of his employment due to his race.

### Title 42 U.S.C.§ 2000(e) *et. seq.* (Title VII) (Hostile Work Environment)

23.     Plaintiff hereby adopts all of the factual allegations set forth in the foregoing paragraphs above.

24.     The Plaintiff avers that the conduct set forth hereinabove constitutes a hostile work environment on the basis of race harassment, in violation of Title VII of the Acts of Congress known as the Civil Rights Act of 1964, 78 Stat. 253, as amended, and Title 42 U.S.C.§ 2000(e) et. seq.

25.     The Plaintiff sues for all damages available under Title VII, including, but

6

not limited to, compensatory damages, lost income, emotional injury, embarrassment, humiliation, punitive damages, attorneys fees and the costs associated with this cause.

### Title 42 U.S.C. § 2000(a) *et seq.* Title VII (Retaliation)

26. Plaintiff hereby adopts all of the factual allegations set forth in the foregoing paragraphs above.

27. Plaintiff avers he was retaliated against as set forth above because he complained of the racial harassment at work.

28. Plaintiff avers the aforementioned retaliation violates Title VII.

### V. DAMAGES

29. Plaintiff seeks damages pursuant to the Title VII and 42 U.S.C. § 1981, including all compensatory damages available for harassment, embarrassment and humiliation, emotional injuries, and anxiety. Plaintiff further seeks damages for lost earnings, including front and back pay and lost future income. Plaintiff additionally seeks punitive damages pursuant to 42 U.S.C. § 1981 and Title VII, which is in the discretion of the trier of fact and as provided by statutory authority and case law.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays:

1. That proper process issue against the Defendant requiring the Defendant to answer in the time provided by law;

2. That after the discovery process, this case be heard on its merits;

3. For Five Hundred Thousand ($500,000.00) in compensatory damages and lost wages, plus One Million Dollars ($1,000,000.00) in punitive damages;

4. That at the trial of this cause, the Plaintiff be awarded all damages available pursuant to 42 U.S.C. § 1981, and Title VII;

5. For attorney fees and costs as provided by statute;

6. For any and all other such relief to which the Plaintiff may be entitled.

Respectfully submitted,

WALWYN & WALWYN.

/s/ Marc A. Walwyn_____
Marc A. Walwyn, BPR No. 022431
Paul W. Moser, BPR No. 022205
Attorneys for Plaintiff
1994 Gallatin Pike N. Ste. 305
Madison, TN 37115
 (615) 859-8668, ex. 11
marc@wawlynlaw.com
paul.moser.esq@gmail.com